THE TERRE HAUTE AND ALTON RAILROAD COMPANY, Plaintiff in Error, *v.* DANIEL EARP, Defendant in Error.

### ERROR TO SHELBY.

A subscriber to stock in a railroad company cannot avoid payment, because the charter of the road has been so changed, as to authorize the company to which the subscription was made, to purchase stock in other railroad companies, even though the terminus of the road, in which the stock was first subscribed, is thereby changed.

THIS was a suit in assumpsit, instituted in the Circuit Court of Shelby county, by the Terre Haute and Alton Railroad Company, against Daniel Earp, the defendant in error, to recover the sum of five hundred dollars, subscribed by him for ten shares of the capital stock of said company.

The defendant, in the court below, filed various pleas, upon several of which issue was taken, and others were demurred to; but the only question presented to the court upon the record in this cause, arises upon the fourth plea of the defendant, which is as follows, viz. : "And for further plea in this behalf, the defendant says *actio non*, because, he says, that at the time when he signed the said articles of association, and subscribed for ten shares of the capital stock of the Terre Haute and Alton Railroad Company, he so signed and subscribed for the purpose of constructing, completing and operating a railroad from Terre Haute, in the State of Indiana, to the city of Alton, on the Mississippi river, in the State of Illinois, the same to be run and kept in operation from and to the points aforesaid, as required by the articles of association, signed and subscribed by said defendant and others, and as also required and specified in an act entitled 'An Act to incorporate the Terre Haute and Alton Railroad Company,' approved January 28th, 1851, and other acts amendatory thereof, and for no other purpose; and the said defendant avers that said plaintiff having first constructed their road from Terre Haute to Alton, and having purchased an interest of two-thirds in, and acquired control of the charter of the Belleville and Illinoistown Railroad Company, by and under color thereof, built and constructed a railroad from a point about four miles eastward of Alton, on their original railroad from Terre Haute to Alton, to Illinoistown, at a point on the Mississippi river, at a great distance, to wit: twenty-five miles from Alton, aforesaid, and opposite to the city of St. Louis, in the State of Missouri, which new and deflected road, together with all that part of the original Terre Haute and Alton road, lying eastward of said point of deflection, said plaintiff has constituted into one continuous line of travel and

trade, thereby making the real terminus of the road, to which defendant's money, by this suit, is sought to be applied, to be at said Illinoistown, and not at Alton aforesaid, and that the same was done without the consent of defendant, and this the defendant is ready to verify; wherefore, etc."

To this plea the plaintiff demurred, and the court below overruled said demurrer, and the plaintiff abiding by said demurrer, judgment was rendered in favor of said defendant upon said demurrer.

The only error assigned in this cause, and presented by the record, is the decision of the court below in overruling the demurrer to said plea.

J. GILLESPIE, S. W. MOULTON, and LEVI DAVIS, for Plaintiff in Error.

LINCOLN & HERNDON, for Defendant in Error.

CATON, C. J. The principles by which this case must be determined, have already been settled by repeated decisions of this court, and we do not feel called upon to discuss them again at length. By the second section of the act amending the charter of the plaintiff, passed on the 28th of February, 1854, it was authorized to take stock in other roads, and in pursuance of that authority, it purchased a majority of the stock of the road from Alton to Illinoistown, and this is the act set up as releasing the defendant from his subscription. That it was for the interest of the plaintiff to obtain the control of that road, and thus secure a continuous route to Illinoistown, may be easily appreciated, and is to be presumed from the fact that it was authorized by the legislature to do so, and that in pursuance of that authority it purchased the stock and obtained such control. If what we have said in the cases of *Alton and Sangamon Railroad Company* v. *Barrett*, 13 Ill. R. 504, *Sprague* v. *Illinois River Railroad Co.*, 19 Ill. 174, *Illinois River Railroad Company* v. *Zimmer*, 20 Ill. 654, and *Price* v. *Rock Island and Alton Railroad Company*, *post*, has not shown satisfactory reasons for the rule of law which we hold on this subject, we despair of doing so now.

In our opinion, the facts set up in the plea constituted no defense to the action, and the demurrer to it should have been overruled.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*

WALKER, J., dissenting. I cannot concur in the opinion of the majority of the court, in this cause. The plea alleges that

defendant subscribed ten shares to plaintiff's road, under a charter for its construction from Terre Haute in Indiana to Alton in Illinois, and that after the road was constructed, the plaintiff purchased a controlling interest in the Belleville and Illinoistown Railroad Company, and by virtue of the charter of that company, constructed a railroad from a point four miles east of Alton, to Illinoistown, a distance of twenty-five miles from Alton, and that by this suit the money subscribed by defendant is sought to be applied to this last named road, without his consent. This plea, the truth of which is admitted by the demurrer, raises the question of whether the change of the charter of the company, was such, when acted upon by it, as to absolve the defendant from paying his subscription.

Any fundamental change in the charter of such a company, releases subscribers for shares from payment of the subscription. This rule is too familiar and firmly established to require a review of, or reference to adjudged cases. But the alteration, either in the charter of the company, or the line of the road, to exonerate the subscriber for stock, must be one that removes the prevailing motive for the subscription, or else materially and fundamentally alters the responsibilities and duties of the company, in a manner not provided for or contemplated by either the charter itself or the general 'laws of the State. These are principles which it is believed none will controvert, and if this case falls within their application, the defendant is legally discharged from payment of his subscription. The original charter of this company was for the construction of a road from Terre Haute in the State of Indiana, to Alton in this State, and in none of its provisions do we find any authority to purchase the Belleville and Illinoistown road, or to construct this branch to Illinoistown. No such authority is either expressly or impliedly given, and its existence depends upon subsequent enactment. And when this subscription was made, no such powers could have been exercised; and they were objects not in the contemplation of the legislature, the directors or subscribers, when the charter was granted, and the company organized. The appropriation of the money to be raised on this subscription, at the time it was made, was not intended to be appropriated to any other purpose than the construction of a road between the points designated in the charter, and that was the prevailing motive which entered into and formed the design of the subscriptions. And this entered into and formed a part of the contract between the company and the subscribers for its stock. And having entered into the contract and become a part of it, neither the legislature or the directors had any power to change the terms or obligations of this contract, by authorizing the money

to be perverted to the purchase or construction of other roads. By his subscription this party agreed to pay the money, and the company agreed to apply it, in the construction of a road between the points named in the charter, and there is no power to apply it to other purposes or on other roads, without his consent; and that is denied by this plea. If the legislature could authorize a change in this contract, so as to authorize the application of this money to the purchase of the Belleville and Illinoistown road, no reason is perceived why they might not authorize its application to the purchase of any other road, however remote. Or if they may authorize the construction of a branch to Illinoistown, that they may not authorize the construction of a branch to Galena or to Cairo, and apply this money for the purpose. It is no answer to say that this stock is more valuable, since it is not what defendant agreed to receive for his money, and he alone has a right to determine whether it best promotes his interest. Neither the legislature or directors have a right to determine this for him. This change is not a mere change of location, still maintaining its points of terminus according to the original design, but is superadding other roads leading to other points of termination, and I think the alteration of the charter removes the prevailing motive that induced the subscription, and changes essentially and materially the terminus of the road. And that the defendant should be discharged from the payment of this subscription, and that the judgment of the Circuit Court should be affirmed.